UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAUL GARCIA,

    Petitioner,

v.

CLARK E. DUCART, Warden,

    Respondent.

Case No. 14-cv-03902-YGR (PR)

**ORDER GRANTING PETITIONER'S REQUEST FOR EXTENSION OF TIME TO FILE TRAVERSE; AND DENYING HIS REQUEST FOR APPOINTMENT OF COUNSEL**

Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus. The Court directed Respondent to file an answer to the petition and granted Petitioner leave to file a traverse. Respondent has filed an answer. Petitioner now moves for an extension of time to file a traverse. Good cause appearing, the request is GRANTED. Petitioner shall file a traverse no later than **March 7, 2015.**

Petitioner has also filed a motion for appointment of counsel in this action. The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is

necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965).

The Court finds that exceptional circumstances entitling Petitioner to court appointed counsel do not exist at this time, as Petitioner has been able to articulate his claims and legal arguments adequately in light of the complexity of the legal issues involved. Accordingly, the interests of justice do not require appointment of counsel, and Petitioner's request is DENIED. This denial is without prejudice to the Court's *sua sponte* reconsideration should the Court find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

This Order terminates Docket No. 12.

IT IS SO ORDERED.

Dated: February 4, 2015

YVONNE GONZALEZ ROGERS
United States District Court Judge